```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

RUDOLPH LUDAWAY,

        Plaintiff,

v.                                      Case No. 3:06-cv-51-J-12HTS

CITY OF JACKSONVILLE,
FLORIDA, et al.,

        Defendants.

## ORDER

### I. Status

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a Civil Rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on January 18, 2006. He is proceeding on an Amended Complaint (Doc. #10), filed March 2, 2006. Plaintiff names the following Defendants in this action: (1) the City of Jacksonville; (2) A. M. Horne,[1] an officer employed by the Jacksonville Sheriff's Office (hereinafter JSO); (3) E. V. Foley, an officer employed by the JSO; (4) M. T. Summers, an officer employed by the JSO; and, (5) W. O. Janes, an officer employed by the JSO. Plaintiff alleges that unreasonable and excessive force was applied in the course of arresting him, in violation of the Fourth Amendment to the United States Constitution.

---

[1] The Court notes that Plaintiff spells the Defendants' names differently throughout his Amended Complaint. The Court will utilize the spelling set forth by counsel for Defendants.

This cause is before the Court upon the "Defendants, City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane's Motion to Dismiss Plaintiff's Complaint (Doc. #1)" (Doc. #18) (hereinafter Motion to Dismiss),[2] filed April 4, 2006.[3] Since Plaintiff is appearing pro se, the Court advised him that the granting of a motion to dismiss would represent a final adjudication of this case which may foreclose subsequent litigation on the matter. See the Court's Order (Doc. #12), filed March 10, 2006, at 3-4. Plaintiff has responded to the Motion to Dismiss. See "Plaintiff's Response to Defendant[s'] City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane, Motion to Dismiss the Plaintiff's Complaint (Doc. #1)" (Doc. #19) (hereinafter Plaintiff's Response), filed April 19, 2006. Thus, the Motion to Dismiss is ripe for review.

## II. Standard of Review

> "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (citation omitted). For review under Rule 12(b)(6),

---

[2] Defendants state that they are moving to dismiss the original Complaint (Doc. #1). However, the Court construes the Motion to Dismiss as a motion to dismiss the Amended Complaint (Doc. #10) since that was the pleading that was served upon the Defendants.

[3] This cause is also before the Court on "Defendants, M. T. Summers' and W. O. Janes', Second Motion to Dismiss Plaintiff's Complaint (Doc. #1)" (Doc. #22), filed June 2, 2006. However, this motion will be stricken for the reasons hereinafter stated.

> federal courts "'view the allegations of the complaint in the light most favorable to the plaintiff[], consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.'" La Grasta, 358 F.3d at 845 (quoting Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam)) (alteration in original).

Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.12 (11th Cir. 2005).

Additionally, because Plaintiff is proceeding pro se, his pleading is held to a less stringent standard than that of an attorney.

> Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. See, e.g., Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, see Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991), or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater, 881 F.Supp. 1565, 1568 (M.D. Fla. 1995).

GJR Investments, Inc. v. Escambia County, 132 F.3d 1359, 1369 (11th Cir. 1998).

### III. Law and Conclusions

### A. Pleading Requirements

Defendants contend that Plaintiff's Amended Complaint is ambiguous and does not comply with the rules of pleading. This Court disagrees with Defendants' contention.

In the Amended Complaint, Plaintiff clearly alleges that on September 24, 2005, Defendants Horne, Foley, Summers and Janes, acting under color of state law, used unreasonable and excessive force in the course of arresting him, in violation of the Fourth Amendment to the United States Constitution.  He further alleges that he suffered numerous injuries when he was arrested by these four Defendants, including the loss of a fingertip, the loss of a fingernail, severe bruising of his left ring finger, permanent scarring of his left forearm, left shoulder, right elbow and back, and continuing pain in his lower back.  He also claims that he posed no immediate threat to the safety of law enforcement officers and he did not resist or attempt to evade arrest.

> "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee, 284 F.3d at 1197 (citing Graham v. Connor, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)).  A court looks to the "totality of circumstances" to determine whether the manner of arrest was reasonable. See Tennessee v. Garner, 471 U.S. 1, 8-9, 105 S.Ct. 1694, 1700, 85 L.Ed.2d 1 (1985).  "[I]n determining if force was reasonable, courts must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted."  Lee, 284 F.3d at 1198 (citing Leslie v. Ingram, 786 F.2d 1533, 1536 (11th Cir. 1986)); see also Vinyard, 311 F.3d at 1347. . . .

Draper v. Reynolds, 369 F.3d 1270, 1277-78 (11th Cir.), cert. denied, 543 U.S. 988 (2004).

In this case, Plaintiff alleges that there was no need to apply force in arresting him.  He further alleges that he received numerous serious injuries.  Thus, one could infer that excessive force was used by the arresting officers.  Accordingly, Plaintiff's allegations are sufficient to state a claim under 42 U.S.C. § 1983 against Defendants Horne, Foley, Summers and Janes.

Defendants also claim that Plaintiff's allegations fail to state a claim under § 1983 against the City of Jacksonville.

> [A] municipality may be held liable for the actions of a police officer only when municipal "official policy" causes a constitutional violation.  See id. at 694-95, 98 S.Ct. 2018.  [Plaintiff] must "identify a municipal 'policy' or 'custom' that caused [his] injury," Board of County Com'rs v. Brown, 520 U.S. 397, ----, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing Monell, 436 U.S. at 694, 98 S.Ct. 2018); "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983."  City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

Here, Plaintiff alleges that the officers acted in conformity with a policy or custom of the JSO when they arrested Plaintiff. In support of this allegation, Plaintiff provided the Court with a letter from the Internal Affairs Unit of the JSO, stating that the Internal Affairs Unit could not find any proof that the actions of the arresting officers in his case "did not adhere to Sheriff's Office polices and procedures."  Amended Complaint at Exhibit B.

"It has been established in Florida that the Sheriff is the policymaker and final authority for his agency." <u>Johnson v. Cannon</u>, 947 F.Supp. 1567, 1571 (M.D. Fla. 1996) (citing <u>Lucas v. O'Loughlin</u>, 831 F.2d 232, 235 (11th Cir. 1987)). Because Plaintiff alleges that the officers acted in conformity with a policy of the JSO when they arrested Plaintiff, the Court finds that Plaintiff's allegations are sufficient to state a claim under 42 U.S.C. § 1983 against the City of Jacksonville and against Defendants Horne, Foley, Summers and Janes in their official capacities.[4]

## B. Qualified Immunity

Defendants Horne, Foley, Summers and Janes assert that they are entitled to the defense of qualified immunity. Plaintiff does not state in his Amended Complaint whether he intended to name Defendants Horne, Foley, Summers and Janes in their individual and/or their official capacities. However, in Plaintiff's Response, Plaintiff states that he "intended to file an official capacity suit . . . ." Plaintiff's Response at 6. Thus, the qualified immunity defense is inapposite since it does not appear

---

[4] It appears that Plaintiff intended to name Defendants Horne, Foley, Summers and Janes in their official capacities. <u>See</u> Plaintiff's Response at 6. A suit against these four Defendants "is the same as a suit against the municipality of the City of [Jacksonville.]" <u>Cooper v. Dillon</u>, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005).

that Plaintiff intended to sue these four Defendants in their individual capacities.[5]

### C. Punitive Damages

Defendants assert that Plaintiff is not entitled to punitive damages. The Court notes that Plaintiff is not seeking punitive damages in this case. See Amended Complaint at 10; Plaintiff's Response at 8.

### D. Exhaustion of Administrative Remedies

Defendants claim that Plaintiff failed to exhaust his administrative remedies. Plaintiff asserts that he filed a complaint with the Internal Affairs Unit of the JSO and that he filed a notice of intent to file a civil rights complaint with the City of Jacksonville. Defendants fail to state what other administrative remedies were available to, but not utilized by, the Plaintiff. Thus, the Court finds Defendants' argument in this respect to be without merit.

### IV. Defendants' Second Motion to Dismiss

On June 2, 2006, Defendants Summers and Janes filed "Defendants, M. T. Summers' and W. O. Janes', Second Motion to Dismiss Plaintiff's Complaint (Doc. #1)" (Doc. #22) (hereinafter Second Motion to Dismiss), in which these two Defendants assert

---

[5] If Plaintiff intended to sue Defendants Horne, Foley, Summers and Janes in their individual capacities, he may seek leave to amend his Amended Complaint to do so.

7

that they were improperly served. The Court is of the opinion that this defense has been waived.

Pursuant to Fed. R. Civ. P. 12(b), every defense to a claim for relief in any pleading shall be asserted in the responsive pleading thereto; however, the defense of insufficiency of service may be made by motion. If a party files a motion under Rule 12 and "omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted[.]" Fed. R. Civ. P. 12(g). Accordingly, this insufficiency of service defense has been waived because it was not asserted in the first Motion to Dismiss. See Fed. R. Civ. P. 12(h)(1); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1318 (11th Cir. 1990) (noting that the appellee had already made a pre-answer motion under Rule 12 for dismissal for failure to state a claim upon which relief could be granted without at the same time raising its service-of-process objections; therefore, at that point, the appellee waived its objection to service of process under Rule 12(h) and consented to the court's personal jurisdiction). Accordingly, the Court will strike the Second Motion to Dismiss.

Therefore, for all of the above-stated reasons, it is now

**ORDERED:**

1.   "Defendants, City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane's Motion to Dismiss Plaintiff's Complaint (Doc. #1)" (Doc. #18) is **DENIED**.

2.   "Defendants, M. T. Summers' and W. O. Janes', Second Motion to Dismiss Plaintiff's Complaint (Doc. #1)" (Doc. #22) is **STRICKEN**.

3.   The Defendants shall answer or otherwise respond to the Amended Complaint (Doc. #10) within **THIRTY (30) DAYS** from the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida this ___7th___ day of June, 2006.

_Howell W. Melton_
HOWELL W. MELTON
United States District Judge

ps 6/7
c:
Rudolph Ludaway
Assistant General Counsel Norton