UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUDOLPH LUDAWAY,

        Plaintiff,

v.                                         Case No. 3:06-cv-51-J-12HTS

CITY OF JACKSONVILLE,
FLORIDA, et al.,

        Defendants.

**ORDER**

**I. Status**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a Civil Rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on January 18, 2006. He is proceeding on an Amended Complaint (Doc. #10), filed March 2, 2006. Plaintiff names the following Defendants in this action: (1) the City of Jacksonville; (2) A. M. Horne,[1] an officer employed by the Jacksonville Sheriff's Office (hereinafter JSO); (3) E. V. Foley, an officer employed by the JSO; (4) M. T. Summers, an officer employed by the JSO; and, (5) W. O. Janes, an officer employed by the JSO. Plaintiff alleges that unreasonable and excessive force was applied in the course of arresting him, in

---

[1] The Court notes that Plaintiff spells the Defendants' names differently throughout his Amended Complaint. The Court will utilize the spelling set forth by counsel for Defendants.

violation of the Fourth Amendment to the United States Constitution.

This cause is before the Court upon the "Defendants, City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane[s'], Motion for Summary Judgment" (Doc. #52) (hereinafter Motion for Summary Judgment), filed October 13, 2006. Since Plaintiff is appearing pro se, the Court previously advised him of the provisions of Fed. R. Civ. P. 56, notified him that the granting of a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See the Court's Order (Doc. #12), filed March 10, 2006, at 3-4. Plaintiff has responded to the Motion for Summary Judgment. See "Plaintiff's Response and Memorandum of Law in Opposition to Defendants['] Motion for Summary Judgment" (Doc. #55) (hereinafter Plaintiff's Response), filed November 2, 2006. Thus, the Motion for Summary Judgment is ripe for review.

## II.  Summary Judgment Standard

With respect to the standard for granting summary judgment, the Eleventh Circuit Court of Appeals has stated:

> [S]ummary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v.

>   Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548,
>   2552, 91 L.Ed.2d 265 (1986).

In re Optical Technologies, Inc., 246 F.3d 1332, 1334 (11th Cir. 2001).

The parties' respective burdens and the Court's responsibilities are outlined as follows:

>   The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. Taylor v. Espy, 816 F.Supp. 1553, 1556 (N.D. Ga. 1993) (citation omitted). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. Matsushita Electric Industrial Co. v. Zenith Radio Corp.[,] 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).
>
>   Applicable substantive law will identify those facts that are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. Id. For factual issues to be considered genuine, they must have a real basis in the record. Matsushita, 475 U.S. at 586-87, 106 S.Ct. at 1355-56. It is not part of the court's function, when

> deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. Anderson, 477 U.S. at 249, 106 S.Ct. at 2135. The Court must avoid weighing conflicting evidence or making credibility determinations. Id. at 255, 106 S.Ct. at 2513-14. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918-19 (11th Cir. 1993).

"It is true that on a motion for summary judgment, all reasonable inferences must be made in favor of the non-moving party." Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citation omitted). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Id. (citations omitted).

> If a reasonable jury could not find in favor of the nonmoving party, no genuine issue of material fact does exist; and summary judgment is proper. Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir. 1994). A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). As Fed. R. Civ. P. 56(e) states, "When a motion for summary judgment is made and supported as provided in this rule, an adverse

4

> party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004).

### III. Plaintiff's Allegations

In the Amended Complaint, Plaintiff alleges that on September 24, 2005, Defendants Horne, Foley, Summers and Janes, acting under color of state law, used unreasonable and excessive force in the course of arresting him, in violation of the Fourth Amendment to the United States Constitution. He further alleges that he suffered numerous injuries when he was arrested by these four Defendants, including the loss of a fingertip, the loss of a fingernail, severe bruising of his left ring finger, permanent scarring of his left forearm, left shoulder, right elbow and back, and continuing pain in his lower back. He also claims that he posed no immediate threat to the safety of the law enforcement officers and he did not resist or attempt to evade arrest.

In his response to the Motion for Summary Judgment, Plaintiff alleges additional facts in support of his claim. He asserts that Defendants Horne, Foley, Summers and Janes arrested him for unlawfully being inside a construction-site trailer. Plaintiff's Response at 2. He further alleges:

> The Plaintiff complied with the officer[']s commands when told to show his hands, in which he showed through a pane-less window and he was forcefully snatched through the window by police officers to the ground and roughly handcuffed, then dragged underneith [sic] a fence and placed into a police vehicle. . . .

Id. "The trailer window that Plaintiff was snatched from to the ground, which caused injury to Plaintiff, was approximately *five and a half*, to *six and half feet* from the ground." Id. at 3.

> The Plaintiff asserts that Office[rs] Horn[e] and Summers were the only police officers inside of the fenced in trailer at the time Plaintiff was snatched from the window of the trailer to the ground. Officer Summers and Horne . . . jumped the fence, Summers gave the command for Plaintiff to show his hands and to come out of the trailer, and after Plaintiff was snatched from the window to the ground, Officer Horne assisted by Officer Summers handcuffed the Plaintiff behind his back. Further, the Plaintiff was in fact dragged underneith [sic] the fence and placed in a police vehicle . . . .

Id. at 10.

### IV. Law and Conclusions

As noted previously, Plaintiff names the City of Jacksonville as a Defendant.

> [A] municipality may be held liable for the actions of a police officer only when municipal "official policy" causes a constitutional violation. See id. at 694-95, 98 S.Ct. 2018. [Plaintiff] must "identify a municipal 'policy' or 'custom' that caused [his] injury," Board of County Com'rs v. Brown, 520 U.S. 397, ----, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing Monell, 436 U.S. at 694, 98 S.Ct. 2018); "It is only when the 'execution of the government's policy

> or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

Furthermore, Plaintiff is suing Defendants Horne, Foley, Summers and Janes in their official capacities only. See "Plaintiff's Response to Defendant[s'] City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane, Motion to Dismiss the Plaintiff's Complaint (Doc. #1)" (Doc. #19), filed April 19, 2006, at 6; Plaintiff's Response at 4; the Court's Order (Doc. #23), filed June 7, 2006, at 6 n.4, 7 n.5.[2]  An official capacity suit against these four Defendants "is the same as a suit against the municipality of the City of [Jacksonville.]" Cooper v. Dillon, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005).

> When suing local officials in their official capacities under 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom. See Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978)).  "A policy is a decision that is officially adopted by the municipality, or

---

[2] In this Court's order denying "Defendants, City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane[s'] Motion to Dismiss Plaintiff's Complaint (Doc. #1)" (Doc. #18), the Court noted that it appeared Plaintiff was suing Defendants Foley, Horne, Summers and Janes in their official capacity only. The Court informed Plaintiff that he could seek leave to amend his Amended Complaint if he wished to sue the Defendants in their individual capacity as well. See the Court's Order (Doc. #23), filed June 7, 2006, at 6 n.4, 7 n.5. Plaintiff did not thereafter seek to amend his Amended Complaint.

> created by an official of such rank that he or she could be said to be acting on behalf of the municipality . . . . A custom is a practice that is so settled and permanent that it takes on the force of law." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). "Only those officials who have final policymaking authority may render the municipality liable under § 1983." Hill v. Clifton, 74 F.3d 1150, 1152 (11th Cir. 1996) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986) (plurality opinion)). "[S]tate and local positive law" determine whether a particular official has final policymaker authority for § 1983 purposes. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989). . . .

Cooper, 403 F.3d at 1221 (footnote omitted). Furthermore, "[t]o impose liability on a municipality under § 1983, the plaintiff must identify [the] municipal 'policy' or 'custom' causing the deprivation of federal rights." Sauls v. Pierce County School Dist., 399 F.3d 1279, 1287 (11th Cir. 2005) (quoting Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997)).

In their Motion for Summary Judgment, Defendants assert that Plaintiff has failed to identify any custom or policy which would render the Defendants liable in this case. This Court agrees with Defendants' assertion.

Plaintiff states, in a conclusory fashion, that his constitutional rights were violated pursuant to a city custom or policy. See Plaintiff's Response at 15-16. However, in their Motion for Summary Judgment, Defendants have provided evidence,

which Plaintiff has not rebutted, that the policies of the JSO prohibit and punish the unnecessary or excessive use of force by JSO officers. Specifically, Francis J. Mackesy provided a sworn declaration which states, in pertinent part, the following:

> 1. I am the Undersheriff of the Jacksonville Sheriff's Office (JSO).
>
> 2. As Undersheriff, I am responsible for good order and discipline within the JSO. I have been the Undersheriff since 2005, and have been employed as a police officer by the JSO since 1983.
>
> 3. The JSO's Use of Force policy does not condone the use of unnecessary or excessive force. (See attached Operational Order 6.1.19)[.]
>
> 4. The JSO does not tolerate or condone the use of unnecessary or excessive force by its officers. (See the attached General Order XII.7 (13)).
>
> 5. If an investigation reveals that a JSO officer has used unnecessary or excessive force, the JSO disciplines that officer in accordance with JSO directives cited above, and has done so repeatedly in the past.
>
> 6. The JSO does not have a policy, practice, custom or procedure that tolerates unnecessary or excessive force by its officers toward arrestees. To the contrary, it is the policy, practice, custom and procedure of JSO to not tolerate such conduct and to take remedial action if it becomes aware of such.

Defendants' Ex.[3] 6 at 1.

---

[3] The Court will hereinafter refer to the exhibits appended to the Defendants' Motion for Summary Judgment as "Defendants' Ex."

Defendants have identified polices which prohibit and punish the unnecessary or excessive use of force by its officers toward arrestees. Furthermore, Plaintiff has wholly failed to identify any JSO or municipal policy which permits or promotes the unnecessary or excessive use of force by its officers toward arrestees.

However, Plaintiff also appears to argue that there is a widespread custom or practice of using unnecessary or excessive force by JSO officers. See Plaintiff's Response at 19-20. He states that there were 174 complaints of the use of excessive force by JSO officers between January of 2004 and December of 2005. He cites Plaintiff's Ex.[4] I in support of this assertion.

Upon review of this exhibit, it is clear that the majority of these complaints were baseless. Other complaints were investigated, and the officers were either exonerated or the charges were not sustained. Only ten of the claims of excessive or unnecessary use of force were sustained. The officers in those cases were disciplined (formally counseled, suspended for a period of days or terminated) or resigned while under investigation. See id. at 82-83, 154-56, 174-75, 185-87, 222-23, 227-28, 266-67, 350-51.

---

[4] The Court will hereinafter refer to the exhibits appended to the "Exhibits Index to Plaintiff's Rudolph Ludaway Response and Memorandum of Law to Defendants['] City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane[s'], Motion for Summary Judgment" (Doc. #56) as "Plaintiff's Ex."

The mere fact that these complaints were made does not support Plaintiff's assertion that there is a wide-spread custom of tolerating or promoting the unnecessary or excessive use of force by JSO officers. In fact, review of Plaintiff's Ex. I demonstrates that these sort of claims are investigated, and the officers are disciplined if the allegations are sustained.

In sum, a reasonable jury could not find in favor of the Plaintiff because there is no evidence that any municipal policy or custom caused the alleged deprivation of his federal rights and his alleged injuries. Thus, Defendants' Motion for Summary Judgment will be granted.

Therefore, it is now

**ORDERED:**

1. "Defendants, City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane[s'], Motion for Summary Judgment" (Doc. #52), filed October 13, 2006, is **GRANTED.**

2. The Clerk shall enter judgment in favor of the Defendants and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this  13th   day of February, 2007.

*Howell W. Melton*
HOWELL W. MELTON
United States District Judge

ps 2/1
c:
Rudolph Ludaway
Counsel of Record