UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUDOLPH LUDAWAY,

           Plaintiff,

v.                                          Case No. 3:06-cv-51-J-12HTS

CITY OF JACKSONVILLE,
FLORIDA, et al.,

           Defendants.

_____

## ORDER

1.    This cause is before the Court upon Plaintiff's February 23, 2007, Notice of Appeal (Doc. #62),[1] and March, 16, 2007, Motion to Proceed In Forma Pauperis (Doc. #64).[2] Plaintiff is entitled to appeal as a pauper, and this appeal is taken in good

---

[1] Plaintiff filed a duplicate Notice of Appeal (Doc. #63) on March 16, 2007.

[2] In his Motion to Proceed In Forma Pauperis (Doc. #64), Plaintiff states for the first time that he is suing Defendants Horne, Foley, Summers and Janes in their individual capacity. See Motion to Proceed In Forma Pauperis (Doc. #64) at 1. As noted in the Court's Order (Doc. #60) granting "Defendants, City of Jacksonville, E. V. Foley, A. M. Horne, T. Summers, and W. D. Jane[s'], Motion for Summary Judgment" (Doc. #52), the Plaintiff had previously stated on numerous occasions that he was suing these Defendants in their official capacity only. See the Court's Order (Doc. #60) at 7. At this post-judgment stage of the proceeding, it is too late for Plaintiff to seek to amend his Amended Complaint (Doc. #10) to add any claims against these four Defendants in their individual capacity. This is especially true since: (1) the Court previously gave the Plaintiff the opportunity to amend his Amended Complaint to add claims against these four Defendants in their individual capacity, see the Court's Order (Doc. #23), filed June 7, 2006, at 7 n.5, but he did not seek to do so; (2) Defendants have filed a responsive pleading, see Fed. R. Civ. P. 15(a); (3) summary judgment has been entered in favor of the Defendants; and, (4) this Court lacks jurisdiction to grant any motion to amend that Plaintiff attempted to hereinafter file pursuant Fed. R. Civ. P. 15(a) since this case has been appealed.

faith under Rule 24(a)(3) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3).

2. Plaintiff's March, 16, 2007, Motion to Proceed In Forma Pauperis (Doc. #64) is **GRANTED** to the extent that the appeal may proceed without the prepayment of the entire appellate filing and docketing fees.

3. Because it appears that Plaintiff has less than $10.00 accrued in his prison trust fund account, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $455.00 appellate filing and docketing fees in this case.

4. As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the appellate filing and docketing fees of $455.00 are paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number; and, (3) Middle District of Florida Case Number. Checks or money orders

which do not have this information will be returned to the penal institution.

5.  Plaintiff is warned that he is ultimately responsible for payment of the appellate filing and docketing fees should the agency with custody over him lapse in its duty to make payments on his behalf.  For this reason, if Plaintiff is transferred to another jail or correctional institution, he should ensure that the new institution is informed about this appeal and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this Order for this purpose.

6.  The **Clerk of Court** shall **MAIL** a copy of this Order to: Department of Corrections, 2601 Blair Stone Road, Tallahassee, FL 32399-2500, Attention: Anthony Miller.

7.  The Court declines to rule on Plaintiff's request to amend his Amended Complaint pursuant to Fed. R. Civ. P. 15(b),[3] contained in his pleading entitled, "Plaintiff Seek Leave to Amend his Amended Complaint" (Doc. #67), because this Court lacks jurisdiction to do so.  The **Clerk** shall **TERMINATE** this motion from the pending motions report.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of March, 2007.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Fed. R. Civ. P. 15(b) is inapplicable in this case since this case was resolved by summary judgment and there was no trial.  Additionally, any motion to amend that Plaintiff attempted to hereinafter file pursuant Fed. R. Civ. P. 15(a) would not be granted for the reasons stated on page 1 n.2 of this Order.

```
```
ps 3/21  
c:  
Rudolph Ludaway  
Counsel of Record  
USCA

ps 3/21
c:
Rudolph Ludaway
Counsel of Record
USCA